## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | No. 19-CR-20053-002 |
| TIMOTHY EALEY, | |
| Defendant. | |

### MOTION TO POSSESS ELECTRONIC DISCOVERY

**NOW COMES** the Defendant, TIMOTHY EALEY, by and through his attorney, Audrey C. Thompson of Beckett Law Office, P.C., and pursuant to Local Rule 16.2(D), and Amended General Order 20-01, hereby respectfully moves this Court for an Order allowing counsel to directly share an electronic copy of his discovery with Defendant, and to leave an electronic copy in Defendant's possession.  Defendant asks that the Court waive the limitations imposed by Local Rule 16.2(B)(3-4), and in support, he states as follows:

### Electronic Discovery in Jails

1. Defendant is currently detained pending sentencing in Decatur, Illinois, at the Macon County Jail.  Macon County Jail generally holds between 250 and 300 inmates, with capacity for up to 400.

2. Upon information and belief, occasionally, Illinois state-case defendants housed at Macon County Jail may receive discovery, especially when they represent themselves *pro se*.  When the discovery is sent on a disc or other electronic medium, the defendants look at it on a non-networked computer (*i.e.*, no internet, no printing capabilities).

3. Currently, when defendants receive discovery, the Macon County jail administration keeps custody of it, and only gives it to defendants when requested. It must be returned after each viewing session. The discovery is not left in the defendants' jail cells.

4. Some Central District of Illinois defendants at Macon County Jail already receive discovery. *See, e.g. United States v. Harris*, 18-30023 (January 9, 2019 text order permitting defense counsel to send paper copies to defendant at Macon County).

5. Defendants charged in the Central District of Illinois who are detained at the Mason, Livingston, Pike, and Peoria County Jails already regularly receive copies of their discovery on disks. *See e.g., United States v. Hampton*, 20-30010 (permitting electronic discovery to be sent to defendant at Mason County Jail); *United States v. Vue*, 19-30046 (permitting electronic discovery to be sent to defendant at Livingston County Jail); *United States v. Hoyt*, 19- 3004 (permitting electronic discovery to be sent to defendant at Pike County Jail); *United States v. Burgess*, 18-10047 (permitting electronic discovery to be sent to defendant at Peoria County Jail).

**The COVID-19 Outbreak**

6. As of March 13, 2020, COVID-19 has infected over 828,441 people in the United States, leading to at least 46,379 within the country. See "Cases of Coronavirus Disease (COVID-19) in the U.S.," *Centers for Disease Control and Prevention*, available at https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html, last accessed April 24, 2020.

7. On March 11, 2020, the World Health Organization officially classified COVID-19 as a pandemic.1 *See* WHO Director- General's Opening Remarks at the Media Briefing on COVID-19 – 11 March 2020, available at https://www.who.int/dg/speeches/detail/who-

director-general-s-opening-remarks-at-the-media-briefing-on-covid-19---11-march-2020, last visited April 24, 2020. Governor Pritzker issued a Disaster Proclamation for the State of Illinois on March 7, 2020, and it was filed by the Secretary of State on March 9, 2020. *See* https://www2.illinois.gov/sites/gov/Documents/APPROVED%20-%20Coronavirus%20Disaster%20Proc%20WORD.pdf, last visited April 24, 2020. As of April 23, 2020, Illinois has 36,934 cases of COVID-19, 1,688 cases which have resulted in death. In Macon County alone, there have been 96 confirmed cases, 10 of which resulted in death. *See* https://www.dph.illinois.gov/covid19/covid19-statistics, last accessed April 24, 2020.

8. On March 18, 2020, Chief Judge Darrow issued Amended General Order 20-01, acknowledging the significant threat that COVID-19 poses to public health, and communicating a policy intended to keep defendants and their counsel safe, in part through limiting in-person contact.

9. The COVID-19 outbreak is a public health emergency.

10. Government officials, from President Trump down through small town mayors, with their public health experts close by, say that social isolation – limiting person-to- person interaction – is the best tool we have against this disease.

11. By requiring defense counsel to physically enter a jail, and sit in close proximity to defendants just so they can independently read their discovery, Local Rule 16.2(B) presents an increased threat to the health of defendants, counsel, jail staff, and the public at large.

12. As it already does for defendants housed in Livingston, Mason, Pike, and Peoria County jails, this Court should enter an order permitting Defendant to possess electronic copies

of his discovery.

13. Local Rule 16.2(B) prohibits defense counsel from making a copy of discovery and giving it to his or her client. The rule is limited to discovery materials that the United States is "not obligated to provide to the defendant by rule, statute, or the Constitution of the United States." *Id.*

14. Enforcement of that rule may be waived by Court Order, pursuant to Local Rule 16.2(D).

15. The federal interest served by Rule 16.2(B) is limited, since defendants in other federal districts in Illinois get to review their discovery on discs without presence of an attorney.

16. The localized federal interest served by Rule 16.2(B) is also limited, since defendants housed at Mason, Pike, Peoria, Livingston County Jails already get to review discovery on discs without presence of an attorney. And some at Macon County, such as Mr. Harris, already get their discovery, too.

17. Not only does providing Defendant with discovery discs promotes fairness (giving him the same rights as defendants who stay at other jails and some who are at his jail), it also would assist the Macon County Jail staff's effort to keep the jail secure from COVID-19.

18. This Court should also do all it can to limit visits into the county jails. If defense counsel contracts COVID-19, she will bring it into the community, other jails, and the federal courthouse. The Court is already well-aware that slowing the spread of COVID-19 is one of the few tools our society has to combat the virus.

19. Defense counsel can discuss strategy and planning via telephone, but L.R. 16.2(B) *forces* an attorney to sit, in close proximity, with the defendant for hours on end.

20. Local Rule 16.2(B) is an accelerant for COVID-19. Assuming that the virus will soon enter the Macon County Jail, placing defense counsel in the room with a defendant for

several hours will likely result in defense counsel getting the virus, and transmitting it to the federal courthouse.

21. The increased risk cannot be justified when L.R. 16.2(B) is already amended with such regularity across the Central District of Illinois.

22. The United States does not oppose this motion.

**WHEREFORE**, the Defendant, TIMOTHY EALEY, respectfully requests that the Court enter an Order, pursuant to L.R. 16.2(D), allowing counsel to directly share an electronic copy of his discovery with Defendant, and to leave an electronic copy in Defendant's possession.

Respectfully submitted,

TIMOTHY EALEY, Defendant

By: _____*s/ Audrey C. Thompson*_____
AUDREY C. THOMPSON,
Counsel for Defendant

**AUDREY C. THOMPSON**
**BECKETT LAW OFFICE, P.C.**
508 South Broadway
Urbana IL 61801
(217) 328-0263
(21) 328-0290 [FAX]
E-mail: audrey@beckettlawpc.com

## CERTIFICATE OF SERVICE

I certify that on April 27, 2020, the foregoing was filed electronically via the ECF/CM system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*s/ Audrey C. Thompson*

**AUDREY C. THOMPSON**
**BECKETT LAW OFFICE, P.C.**
508 South Broadway
Urbana IL 61801
(217) 328-0263
(21) 328-0290 [FAX]
E-mail: audrey@beckettlawpc.com